**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KASSIEM MCKINNEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PASSAIC COUNTY, *et al.*,<br><br>　　　　Defendants. | Case No. 21cv13826 (EP) (ESK) |
| TERRELL FINLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PASSAIC COUNTY, *et al.*,<br><br>　　　　Defendants. | Case No. 21cv13831 (EP) (ESK) |
| SAMMY CROMARTIE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PASSAIC COUNTY, *et al.*,<br><br>　　　　Defendants. | Case No. 21cv13832 (EP) (ESK) |
| TARIQ ROCKLACY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PASSAIC COUNTY, *et al.*,<br><br>　　　　Defendants. | Case No. 21cv13833 (EP) (ESK) |

| | |
|---|---|
| ZAMAIRE BARDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>PASSAIC COUNTY, *et al.*,<br><br>    Defendants. | Case No. 21cv13835 (EP) (ESK)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Pending before the Court is the consolidated report and recommendation of Magistrate Judge Kiel[1] ("R&R"),[2] which recommends that Defendants County of Passaic, Passaic County Sherriff's Office, and Warden Michael Tolerico's (collectively, "Defendants") motions to dismiss[3] *pro se* Plaintiffs Kassiem McKinney, Terrell Finley, Sammy Cromartie, Tariq Rocklacy, Barden's (collectively, "Plaintiffs") separate Complaints[4] for failure to answer interrogatories, provide documents, and execute authorizations be granted. No objections were filed to the R&R. The Court will **ADOPT** the R&R, **GRANT** Defendants' motions to dismiss, and **DISMISS** *with prejudice* Plaintiffs' separate Complaints.[5]

When a magistrate judge addresses motions that are considered "dispositive," including motions to dismiss, a magistrate judge will submit a report and recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L.Civ.R. 72.1(a)(2). Where no objection

---

[1] No longer the assigned magistrate judge.

[2] *Kassiem McKinney v. Passaic County, et al.*, Case No. 21cv13826 ("McKinney"), D.E. 89; *Terrell Finley v. Passaic County, et al.*, Case No. 21cv13831 ("Finley"), D.E. 71; *Sammy Cromartie v. Passaic County, et al.*, Case No. 21cv13832 ("Cromartie"), D.E. 71; *Tariq Rocklacy v. Passaic County, et al.*, Case No. 21cv13833 ("Rocklacy"), D.E. 70; *Zamaire Barden v. Passaic County, et al.*, Case No. 21cv13835 ("Barden"), D.E. 82.

[3] McKinney, D.E. 83; Finley, D.E. 66; Cromartie, D.E. 63; Rocklacy, D.E. 64; Barden, D.E. 76.

[4] McKinney, D.E. 1; Finley, D.E. 1; Cromartie, D.E. 1; Rocklacy, D.E. 1; Barden, D.E. 1.

[5] No oral argument was heard on Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 78(b); L.Civ.R. 78.1(b). *See* R&R at 10.

has been made to a report and recommendation within 14 days, the district court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record before adopting the report and recommendation.  Fed. R. Civ. P. 72(b), advisory committee notes; *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (noting some review should be given to report and recommendation by judges); *Peerless Ins. Co. v. Ambi-Rad, Ltd.*, 2009 U.S. Dist. LEXIS 22968, at *3 (D.N.J. Mar. 23, 2009).  The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made in the report and recommendation.  28 U.S.C. § 636(b)(1); L.Civ.R. 72.1(b)(3).  Only if the district court adopts a report and recommendation, does it have the force of law.  *See United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

The Court makes three notes.  First, no objections were filed in response to the R&R.  Second, Magistrate Judge Kiel carefully examined each of the applicable *Poulis* factors in finding that Plaintiffs' separate Complaints should be dismissed.  Finally, the Court finds no clear error on the face of the records in each of the five pending cases.  Therefore, the R&R will be adopted.

**IT IS**, on this **10th** day of **April**, 2024;

**ORDERED** that the R&R[6] is **ADOPTED**; and it is further

**ORDERED** that Defendants' motions to dismiss[7] are **GRANTED**; and it is further

**ORDERED** that Plaintiffs' separate Complaints[8] are **DISMISSED** *with prejudice*; and it is further

---

[6] McKinney, D.E. 89; Finley, D.E. 71; Cromartie, D.E. 71; Rocklacy, D.E. 70; Barden, D.E. 82.
[7] McKinney, D.E. 83; Finley, D.E. 66; Cromartie, D.E. 63; Rocklacy, D.E. 64; Barden, D.E. 76.
[8] McKinney, D.E. 1; Finley, D.E. 1; Cromartie, D.E. 1; Rocklacy, D.E. 1; Barden, D.E. 1.

**ORDERED** that the Clerk of the Court shall mark the five pending cases **CLOSED**; and it is finally

**ORDERED** that the Clerk of the Court shall send by regular mail a copy of this Memorandum Order to Plaintiffs.

Dated: April 10, 2024

Evelyn Padin, U.S.D.J.

4